IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NAPOLEON BRYANT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF VALDOSTA (Police Dep't); | : | NO. 7:05-cv-38(HL) |
| COUNTY OF LOWNDES; and | : | |
| SOUTH GEORGIA MEDICAL CENTER; | : | |
| | : | |
| Defendant | : | **O R D E R** |
| _____ | : | |

Plaintiff **NAPOLEON BRYANT** has tendered a *pro se* civil rights complaint alleging what the Court construes to be violations of 42 U.S.C. § 1983 . He has paid the required partial filing fee of $125.00 as ordered by this Court on May 13, 2005.

Plaintiff's complaint states in its entirety:

"The Valdosta City police personnel knocked me out and alone with the hospital emergency management personnel entered my home illegally and after being told to leave.  They also damaged certain property.  The above occurred at my home [].  It was around 1:00 p.m. on May 18, 2003 (a Sunday).  I was sleep when my alarm went off.  I heard someone hitting and breaking my back window.  I went out through my garage after turning off my alarm.  They entered my home after I told them not to.  They stayed inside around 15 or 20 minutes."

Plaintiff names three defendants: "City of Valdosta (Police Dept)," County of Lowndes, and "South Georgia Medical Center - Emergency Management."

The complaint suffers from an overall lack of detail, making it difficult to analyze.  For example, plaintiff alleges no specific facts as to the actions of each particular defendant. Accordingly, plaintiff is instructed to supplement his complaint by explaining the basis of his claims

against each of the named defendants. Plaintiff should organize his supplemental complaint by defendant, naming each defendant separately and listing his claims against that defendant before proceeding on to another defendant. As to each defendant, plaintiff should provide <u>specific factual information</u> as to what the defendant did to plaintiff or his property, and how plaintiff's rights were violated.

Plaintiff is further advised that a "police department" is not a "person" that can be sued under section 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"), and would appear also to be the case for the "South Georgia Medical Center - Emergency Management." Therefore, plaintiff might wish to name specific individuals within these organizations whom plaintiff believes violated his rights.

As to the allegations against the City of Valdosta and Lowndes County, a municipality cannot be held liable for the actions of its employees under section 1983 based on a theory of *respondeat superior*. **Monell v. Dept. of Social Services of the City of New York**, 436 U.S. 658, 663 (1978). A municipality is liable only if the deprivation is pursuant to a government custom or policy. **Griffin v. City of Opa-Locka**, 261 F.3d 1295, 1307 (11th Cir.2001). Therefore, in his supplement, plaintiff should also set forth specific allegations against both the City of Valdosta and Lowndes County, and explain why both are allegedly responsible for the constitutional violations he has alleged in his complaint.

Plaintiff is authorized to provide any additional information that more fully explains the basis for his claim against the defendants or that may be useful to the Court's analysis of his claim.

Finally, as stated above, he is authorized to name additional defendants, including those individuals who may be directly responsible for the constitutional deprivations he is alleging.

Plaintiff shall have thirty (30) days from his receipt of this order to submit a supplemental complaint, limited to these claims only. No other claims will be considered. His failure to comply with this order will result in the dismissal of all or portions of his complaint.

**SO ORDERED**, this 20th day of June, 2005.

s/   Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr