**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| NAPOLEON BRYANT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF VALDOSTA POLICE | : | NO. 7:05-CV-38(HL) |
| DEP'T, *et al.*, | : | |
| | : | |
| Defendants | : | **O R D E R** |

_____

In compliance with the Court's previous order, *pro se* plaintiff **NAPOLEON BRYANT** has filed a supplement to his complaint (Tab # 7).

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review an *in forma pauperis* complaint and dismiss it if the complaint:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity

secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.**,* 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.* If a plaintiff cannot satisfy these requirements, the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b).

## II.  BACKGROUND

This lawsuit arises out of a May 18, 2003 incident whereby four to six unknown law enforcement officers entered plaintiff's residence in Valdosta, Georgia, without plaintiff's permission. Plaintiff alleges that while the officers were inside his home, he was taken "around to the back of [his] house ... against [his] will" and not allowed to re-enter his home. Plaintiff additionally alleges that officers sprayed plaintiff in the face with "some type of spray," which knocked plaintiff out. Plaintiff alleges that he suffered damages to both his person and his property. Plaintiff originally sued the "City of Valdosta (Police Dept)," County of Lowndes, and "South Georgia Medical Center - Emergency Management."

## III.  DISCUSSION

In an order dated June 20, 2005, the Court instructed plaintiff to supplement his complaint by listing each person whom he intended to be a defendant in this case and explaining the basis of his claims against each defendant. In his supplement, plaintiff specifically names Frank Simons, Chief of the Valdosta Police Department, and James McGahee, Administrator, South Georgia Medical Center, and indicates that he is unable to provide the names of the law enforcement officers who entered his residence. Thus, the claims against the original defendants are deemed withdrawn.

Regarding his new defendants, plaintiff explained in his supplement that "Chief Simon or his department" sent the unknown law enforcement officers to plaintiff's residence, and that James McGahee refused to provide plaintiff with the names of the Emergency Management employees who

entered plaintiff's home.  Plaintiff does not allege that either Simon or McGahee entered his home,

physically harmed plaintiff, or that they approved the unidentified officers' conduct.  Plaintiff thus

appears to be suing Simon and McGahee because they supervise the unidentified law enforcement

officers who allegedly violated plaintiff's rights.

A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is

not liable under section 1983 for damages or injunctive relief unless "the supervisor personally

participates in the alleged unconstitutional conduct or [] there is a causal connection between the

actions of [the] supervising official and the alleged constitutional deprivation."  ***Cottone v. Jenne***,

326 F.3d 1352, 1360 (11th Cir. 2003).  A causal connection may be shown (1) if the supervisor is on

notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a

custom or policy that results in the alleged violation, or (3) if facts support "an inference that the

supervisor directed the subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so."  ***Cottone***, 326 F.3d at 1360.  Supervisory officials

are not liable under section 1983 for having the "mere right to control without any control or

direction having been exercised."  ***Monell v. Department of Social Services of New York***, 436 U.S.

658, 694 n.58 (1978).  Plaintiff makes no allegations that the named defendants participated in or

had a causal connection with the alleged unconstitutional conduct.  Plaintiff's factual assertions are

thus insufficient to show supervisory liability on the part of Simon or McGahee.

The individual officers who allegedly entered and damaged plaintiff's residence and sprayed

plaintiff have not been named as defendants.  The Court therefore cannot make findings against

them.  Moreover, the alleged violations occurred on May 18, 2003, which is more than two years

ago.  Plaintiff's claims against these officers would therefore be barred by this state's two year

statute of limitations for personal injury actions, which applies to actions brought pursuant to section

3

1983.  ***Williams v. City of Atlanta***, 794 F.2d 624 (11th Cir. 1986).  For plaintiff's benefit, the Court

notes that if plaintiff were now to amend his complaint to identify the responsible defendants such

amendment would not "relate back" to plaintiff's original filing.  ***See Rule 15(c) of the Federal***

***Rules of Civil Procedure***; ***Wayne v. Jarvis***, 197 F.3d 1098, 1102-04 (11th Cir. 1999) (the substitution

of a newly named party for a "John Doe" defendant in the original complaint does not meet the "but

for mistake" requirement in Rule 15(c)(3)).

While plaintiff may have claims under Georgia law that he may file in the Georgia state

courts, he has not shown a federal constitutional violation under section 1983.

## IV.  CONCLUSION

In light of the above, the instant action is hereby **DISMISSED** as frivolous pursuant to 28

U.S.C. §  1915(e)(2).

**SO ORDERED**, this 29th day of September, 2005.


s/   **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

4